

Solomon B. Shinerock
212 822 0165
solomon.shinerock@lbkmlaw.com

August 23, 2023

<u>**VIA ECF**</u>

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *United States v. Kim*, 23-CR-00078-RMB

Dear Judge Berman:

We represent the defendant, Young Beom Kim, and write to request a consented modification of Mr. Kim's release conditions, principally to remove the requirement of home detention, which is not justified under the circumstances and not necessary to secure the defendant's appearance in Court.  In addition, the proposed modification will allow Mr. Kim to work in a professional capacity pending resolution of this matter.  Mr. Kim consents to continued location monitoring and a curfew of 8 p.m.  We have conferred with the Government, and subject to the conditions discussed below, the Government consents to the proposed modification.

Conditions of release must be the "least restrictive" means necessary to "reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B); *United States v. Awadallah*, 173 F.Supp.2d 186, 190 (S.D.N.Y. 2001).  Mr. Kim presents no danger to the community or himself, and any risk of flight is amply addressed by means less restrictive than home detention.

Mr. Kim is a citizen of the United States with no other citizenship, and he has surrendered his passport.  He has strong ties to the local community, which he has maintained since he graduated from the New Jersey Institute of Technology in 1989.  His daughter and her fiancé currently live in New Jersey, where he has been residing since his release; he attends church in New Jersey; and he maintains professional and personal contacts in New Jersey and New York.  The occasion for this application—a job opportunity for a position in New York—underscores this point, and if the application is granted, this new job would further enhance his ties to the community.  In addition, Mr. Kim has significant personal collateral at stake, having posted valuable real estate as part of his release package.



Further, Mr. Kim is not proposing to be released without limit: he consents to continued location monitoring and a curfew of 8 p.m. each day.

Finally, Mr. Kim has engaged counsel, appeared before the Court for the initial appearance, and we have at his instruction engaged with the prosecution team to discuss the matter on several occasions. Consistent with this conduct, Mr. Kim is committed to addressing the charges through the Court in good faith.

We have also discussed this matter with Mr. Kim's Pretrial Services Officer, Christopher Ziegert, who defers to the New York Pretrial Services office in this matter. Mr. Zeigert has attested that there have been no issues with Mr. Kim's compliance on supervision. Specifically, he has said: "I can speak to his compliance on supervision which has been good, no issues at all."

We submit this application now because Mr. Kim has been offered a job as a Construction Manager with Jacobs Project Management Co. ("Jacobs"), a contracting company where he was previously employed. In advance of his application for this role, Mr. Kim and I had a conversation with Jacobs' human resources and legal teams to disclose the existence of the indictment and these ongoing proceedings. Notwithstanding the case against Mr. Kim, Jacobs continues to believe that he is a competitive and appropriate candidate for the position. Jacobs has included a proviso in its offer letter preserving absolute discretion to terminate Mr. Kim in the event he is convicted here.

Mr. Kim's role at Jacobs would be to review the mechanical portion of construction projects (such as boilers, sprinklers and air conditioning) for the NYC School Construction Authority. He will not be involved in design work, procurement, or materials sourcing, meaning that he will not be preparing any project contracts, identifying part suppliers, or purchasing parts. The job would not involve any of the parts suppliers or manufacturers implicated in the current indictment.

We have discussed this matter with the U.S. Attorney's Office and have reached agreement on the following terms, for which we seek the approval of the Court:

1. The requirement of "home detention" shall be removed from Mr. Kim's release conditions;

2. Mr. Kim will be subject to location monitoring and an 8 p.m. curfew;

3. Before Mr. Kim accepts a job with any prospective employer (Jacobs or otherwise), he will first provide that prospective employer with written notice regarding the pending charges against him, including, at a minimum, a copy of the full charging instrument. Mr. Kim will also provide a copy of that written notice to the Government and Pretrial Services; and



4. If any project Mr. Kim is going to work on involves a federal, state, or local government contract (including the above-referenced School Construction Authority project), then either Mr. Kim or his employer shall provide the involved government agency with written notice regarding the pending charges against him, including, at a minimum, a copy of the full charging instrument. Mr. Kim will also provide a copy of that written notice to the Government and Pretrial Services.

For the reasons discussed above, and in light of the parties' agreement on these terms, we respectfully request that the Court issue an order reflecting this agreement.

Respectfully submitted,

Solomon B. Shinerock

CC (via ECF):
    AUSA Jonathan Rebold
    AUSA Frank Balsamello

> Bail conditions modified as set forth in this letter on consent of the government.
>
> SO ORDERED:
> Date: 8/23/23
> Richard M. Berman, U.S.D.J.